**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **RENAUD TERMITUS,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action Number:** |
| | : | |
| **vs.** | : | |
| | : | |
| **SIERRA FOREST MANAGEMENT, LLC,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

Plaintiff Renaud Termitus, by and through the undersigned counsel, brings this Complaint against Defendant Sierra Forest Management, LLC (hereafter "Sierra") and shows the Court as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover overtime pay that was denied him and an additional amount as liquidated damages;

(2) and to be reimbursed for his costs of litigation, including his reasonable attorneys' fees.

2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiff’s state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Sierra is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Plaintiff resides within Cobb County, Georgia.

7.

Sierra employed Plaintiff as a Maintenance Technician in and around Mableton, Georgia from December 2011 through the date of filing of this action.

8.

At all times relevant to this suit, Plaintiff has been an "employee" of “Sierra” as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about December 2011 through the date of filing of this action, Plaintiff has been “engaged in commerce” as an employee of Sierra as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

From on or about December 2011 through the date of filing of this action, Plaintiff has been engaged in the “production of goods for commerce” as an employee of Sierra as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

Sierra is a corporation organized under the laws of the State of Delaware.

12.

Sierra has not designated a Registered Agent for service of process in the State of Georgia.

13.

Sierra is a corporation doing business in Georgia as an apartment complex located at 6660 Mableton Parkway, Mableton, Georgia 30126.

14.

At all times material hereto, Sierra. has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

15.

From on or about December 2011 through the date of filing of this action,, Sierra was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

16.

During 2011, Sierra had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2012, Sierra had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2011, Sierra had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2012, Sierra had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2011, Sierra had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2012, Sierra had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2011, Sierra had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2012, Sierra had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

At all times material hereto, Sierra has been an “enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

25.

Sierra is subject to the personal jurisdiction of this Court.

26.

At all times relevant, Plaintiff was paid on an hourly basis.

27.

At all times relevant to this suit and while an employee of Sierra, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

28.

At all times relevant to this suit and while an employee of Sierra, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

29.

At all times relevant to this suit and while an employee of Sierra, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

30.

At all times relevant to this suit and while an employee of Sierra, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

31.

At all times relevant to this suit and while an employee of Sierra, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

32.

From on or about December 2011 through the date of filing of this action, Defendant usually scheduled Plaintiff to work from Monday through Friday, from 9:00 am to 6:00 pm each day, with a one (1) hour lunch break.

33.

From on or about December 2011 through the date of filing of this action, Plaintiff frequently performed "emergency" maintenance work after normal business hours and on weekends.

34.

At all times material to this action, Defendant had knowledge that Plaintiff frequently performed "emergency" maintenance work after normal business hours and on weekends.

35.

At all times material to this action, Defendant failed to create, maintain or preserve records of Plaintiff's work time performing "emergency" maintenance work after normal business hours and on weekends.

36.

At all times material to this action, Defendant failed to compensate Plaintiff for the "emergency" maintenance work he performed on Defendant's behalf after normal business hours and on weekends.

37.

From on or about December 2011 through the date of filing of this action, Defendant paid Plaintiff's on the basis of forty hours each week.

**COUNT I - FAILURE TO PAY OVERTIME**

38.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

39.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

40.

During his employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours each week.

41.

Defendant failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from December 2011 through December 12, 2012.

42.

Defendant willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from December 2011 through December 12, 2012.

43.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

44.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

45.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II – BREACH OF CONTRACT**

46.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

47.

At all times material hereto, Plaintiff and Sierra were parties to a contract of employment (hereafter "the Contract").

48.

The Contract provided that Sierra would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

49.

Defendant's failure to pay Plaintiff for after-hours maintenance work performed after forty (40) hours in any week from on or about December 2011 through December 12, 2012 constitutes a material breach of the Contract.

50.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT III – QUANTUM MERUIT**

51.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

52.

At all times material hereto, Plaintiff served as a maintenance technician for Defendant.

53.

Plaintiff's service as a maintenance technician for Sierra as described above was valuable to Defendant.

54.

Sierra requested Plaintiff's service as a maintenance technician.

55.

Sierra knowingly accepted Plaintiff's service as a maintenance technician.

56.

The receipt of Plaintiff's services as a maintenance technician for Sierra without compensation would be unjust.

57.

Plaintiff expected to be compensated at the time he provided his services as a maintenance technician.

58.

Plaintiff is entitled to a recover from Sierra the reasonable value of the services he provided as a maintenance technician for Defendant, in an amount to be determined at trial.

**COUNT IV - PROMISSORY ESTOPPEL**

59.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

60.

At all times material hereto,, Sierra promised to pay Plaintiff in return for Plaintiff's service as a maintenance technician.

61.

Sierra should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a maintenance technician for Defendant.

62.

Sierra promise induced Plaintiff to act in reliance thereof, i.e., to serve as a maintenance technician for Defendant, to his detriment.

63.

Plaintiff's service as a maintenance technician for Sierra conferred a benefit on Defendant.

64.

Sierra failed to pay Plaintiff in accordance with their promise.

65.

Plaintiff relied on Defendant's promise.

66.

Plaintiff's reliance on Defendant's promise was reasonable.

67.

Injustice can only be avoided by enforcement of Defendant's promise.

68.

Plaintiff is entitled to a recover from Sierra the reasonable value of the services he provided as a maintenance technician for Defendant, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff have and recover judgment against Defendant for the pendent State claims herein asserted in amounts to be proved at trial;

4. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendant; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

***DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC***

/S/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

/S/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com