# SETTLEMENT AGREEMENT, RELEASE
# OF CLAIMS AND COVENANT NOT TO SUE

This Settlement Agreement, Release of Claims and Covenant not to Sue (the "Agreement") is made by and between Renaud Termitus ("Termitus"), and MSC Investment and Management, LLC ("MSC"). Termitus and MSC shall be collectively referred to as "The Parties."

1.  <u>Settlement</u>.

    (a) Following execution of this Agreement, as specified below, MSC shall pay to or on behalf of Termitus the gross total sum of thirty five thousand dollars and no cents ($35,000.00) ("Settlement Payment") as full and final settlement of any and all matters and disputes between Termitus and MSC, up to the date of this Agreement.

    (b) The Settlement Payment shall be paid in two installments as follows:
       a. On or before January 1, 2014:
           i.   one check payable to Termitus for back wages and liquidated damages in the amount of three thousand four hundred thirty dollars and no cents ($3,430.00), and
           ii.  one check payable to Kevin D. Fitzpatrick, Jr. for attorneys' fees and costs in the amount of six thousand five hundred seventy dollars ($6,570.00) for which MSC shall issue an IRS Form 1099.
       b. On or before the first day of the succeeding five months, (i.e., February 1st, March 1st, April 1st, May 1st and June 1st, 2014:
           i.   one check payable to Termitus for back wages and liquidated damages in the amount of one thousand seven hundred fifteen dollars and no cents ($1,715.00), and
           ii.  one check payable to Kevin D. Fitzpatrick, Jr. for attorneys' fees and costs in the amount of three thousand two hundred eighty five hundred dollars ($3,285.00) for which MSC shall issue an IRS Form 1099.

2.  <u>General Release</u>.

    (a)   As used in this paragraph 2, "Termitus" shall include Termitus himself, and, if any, his family members, relatives, personal representatives, executors, administrators, heirs-at-law, legatees, agents, insurers, guarantors, attorneys, successors, assigns and all other persons claiming by or through Termitus (whether directly or

derivatively) against or on account of those claims referred to in Paragraph 2(b) of this Agreement.

(b) In consideration of the Settlement Payment and the other obligations of this Agreement, Termitus releases and forever discharges MSC, including its affiliated business entities, subsidiaries, parent and sister corporations, predecessors, successors, affiliates, assigns, trustees, shareholders, partners, insurers, and the insurer's current and former agents, guarantors and all directors, officers, employees, agents, attorneys and other representatives (collectively, the "Released Parties") of any of the foregoing from all actual and potential claims, complaints, demands, causes of action, damages, costs, expenses, fees, and other liabilities of every sort and description, direct or indirect, fixed or contingent, known or unknown, suspected or unsuspected, and whether or not liquidated, including, without limitation, claims based upon preexisting acts occurring at any time up to the date of this Agreement, except claims that may arise as to the enforcement of this Agreement, which may result in future damages or injury (collectively, the "Released Claims"). The Released Claims include, but are not limited to, claims arising out of, caused by, or otherwise related in any way to:

(1) violations or alleged violations of any federal, state or local statute or ordinance or common law, including, but not limited to, the Constitution of the United States or of any State, the laws of the United States or of any State, including, but not limited to, the statutes and common law of the State of Georgia, Title VII of the Civil Rights Act of 1964, as amended, the Americans With Disabilities Act, the Age Discrimination in Employment Act, 42 U.S.C. § 1981, the Fair Labor Standards Act, or any other claim of discrimination, including race, age, sex, national origin, and disability, retaliation, as well as any claims for wages or benefits arising under federal or state law;

(2) failure on the part of the Released Parties, as to any duty or obligation whatsoever based on any act occurring up to the date of this Agreement;

Initials

    (3) all claims that were made or could have been made in Case No. 1:13-cv-00172 AT, filed in the United States District Court for the Northern District of Georgia.

(c)     The Parties agree that the Settlement Payment described in paragraph 1 above is given in full accord and satisfaction of any and all claims that Termitus has or may have against the Released Parties, as defined above, including, but not limited to for attorney's fees, costs and expenses which Termitus may be obligated to pay.

(d)     It is the intention of the Parties that this Agreement be read as broadly as possible such that the Released Parties shall have no further obligations or liability of any sort or nature to Termitus, directly or indirectly, other than as set forth herein.

(e)     In consideration of the Settlement Payment and the other obligations of this Agreement, except where such covenant would be specifically prohibited by law, Termitus further covenants not to file any further suit or make any further claim of any kind against MSC for any claims arising under any municipal, local, state, or federal law, common or statutory, including, but not limited to, any of the bases set forth in paragraph 2(b) above, for any actions or omissions whatsoever, whether known or unknown, suspected or unsuspected which existed or may have existed prior to, or contemporaneously with, the execution of this Agreement.

(f)     MSC makes no representations and provides no guarantee or assurance regarding the tax consequences to Termitus for payment of the Settlement Payment. Termitus shall be responsible for any and all taxes that may be due as a result of the Settlement Payment.

(g)     The Parties hereby agree not to defame or disparage, or otherwise publish or communicate derogatory statements or opinions about the other party in any manner whatsoever. The Parties represent and assure that no such defamatory or derogatory comments have been previously made, nor will any such comments be made in the future. In the event Termitus' future or potential employers contact MSC agree to confirm Termitus' dates of employment with MSC without

Initials

further comment.

3. <u>Dismissal of Litigation.</u>

Termitus agrees that within ten (10) business days of the date his attorney receives the final Settlement Payment, he will file with the court a Stipulation of Dismissal with Prejudice of Case No. 1:13-cv-00172-AT filed in the United States District Court for the Northern District of Georgia.

4. <u>General Provisions.</u>

   (a) Termitus represents, warrants and agrees that he has not, and will not, assign, convey, or otherwise transfer any interest in any claims or other liabilities or obligations which are the subject of this Agreement.

   (b) Termitus acknowledges that he has been advised to retain counsel of his own choosing concerning the claims released herein and that he has done so; that he has read and fully understands the terms of this Agreement, with adequate opportunity and time for such review; that this Agreement has been the result of substantive negotiations; and that he is fully aware of its contents and of its legal effect. Accordingly, this Agreement shall not be construed against any party on the grounds that such party drafted this Agreement. Instead, this Agreement shall be interpreted as though drafted equally by all parties. Termitus enters into this Agreement freely and voluntarily and with a full understanding of its terms. Termitus acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made to either of them by MSC to induce execution of this document. Termitus further states that the only representations made to him in order to obtain his consent to this Agreement are stated herein and that he is signing this Agreement voluntarily and without coercion, intimidation or threat of retaliation.

   (c) This Agreement embodies the entire understanding of the Parties and all of the terms and conditions with respect to the matters discussed herein; it supersedes and annuls any and all other or former agreements, contracts, promises or representations, whether written or oral, expressed or implied, made by, for or on behalf of MSC, and it

Initials

may not be altered, superseded or otherwise modified except in writing signed by the party to be charged.

(d) Failure by any party to enforce any of the remedies provided to it in this Agreement shall not be deemed a waiver of those rights.

(e) The party representative executing this Agreement warrants that he/she is the duly authorized representatives of the respective entity designated below, and is fully empowered to execute this Agreement on behalf of the respective party.

(g) This Agreement shall be construed in accordance with federal law and the law of the State of Georgia. If any provision of this Agreement is for any reason held to be invalid or unenforceable, such provision shall not affect any other provision hereof, but this Agreement shall be construed as if such invalid and/or unenforceable provision had never been contained herein.

(h) The Parties agree that this Agreement may be executed in counterparts, each of which shall be deemed to constitute an executed original, even though not all signatures may appear on the same counterpart.

(i) In the event of a breach of any of the terms of the Agreement by any of the Parties the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder. In the event of a breach by MSC the entire outstanding principal balance shall immediately become due and payable and Termitus may, without notice of delinquency to MSC, initiate lawful efforts to collect the sums due hereunder. Interest shall accrue on the outstanding balance at the statutory rate.

5. <u>Date</u>.

The Effective Date of this Agreement will be the day the Agreement signed by Termitus.

Initials

## This Is A Release
## Read Before Signing

**RENAUD TERMITUS**

Signed: *Renaud Termitus*

Print Name: RENAUD TERMITUS

Date: 1/16/2014

Witness: *Kevin Fitzpatrick*

Approved by:

_____
Kevin D. Fitzpatrick, Jr.
Delong Caldwell Bridgers & Fitzpatrick, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
*Counsel for Plaintiff Renaud Termitus*

**MSC INVESTMENT AND MANAGEMENT, LLC**

By: _____

Title: Partner

Witness: _____

Approved by:

_____
Angelina Kim
Kumar Prabhu, Patel & Banerjee, LLC
Suite W 311

Initials

1117 Perimeter Center West
Atlanta, GA 30338
(678) 443-2230
*Counsel for MSC Investment and Management, LLC*

Initials